Turner *vs.* Carroll.

---

JAMES H. TURNER, plaintiff in error, *vs.* JESSE W. CARROLL, defendant in error.

When a judgment refusing a new trial is reversed by the supreme court, the plaintiff in error, as soon as the *remittitur* is returned to the court below, is entitled to a judgment for costs incurred in the supreme court: Code, section 4290. And this right is not affected by instructions contained in the judgment of reversal, to the effect that a new trial will still be refused if the defendant in error will consent to certain terms, although he does consent to the prescribed terms at the time the *remittitur* is entered.

Costs. Judgments. Practice in the Supreme Court. Before Judge HALL. Rockdale Superior Court. October Term, 1875.

A *remittitur* from the supreme court, in the case of *Carroll vs. Turner*, reversing the judgment of the court below refusing a new trial, but directing that such new trial should still be refused if the defendant in error complied with certain conditions, was made the judgment of the superior court by an order reciting that the defendant in error had accepted the terms stated. Counsel for plaintiff in error in that case moved for judgment for costs incurred in the supreme court. The motion was allowed and the defendant excepted.

A. C. McCalla, by Clark & Pace, for plaintiff in error.

A. C. Perry, for defendant.

Bleckley, Judge.

On writ of error, this court reversed a judgment refusing a new trial, but added instructions to the court below to refuse the new trial still, if the defendant in error would consent to certain prescribed terms. When the *remittitur* was entered in that court he accepted the terms. The court, nevertheless, permitted the plaintiff in error to take judgment for the costs incurred in this court.

The Code, section 4290, applies to all judgments of reversal. In this case there was such a judgment in express terms. The court below had refused a new trial unconditionally. The unconditional refusal was reversed, and a conditional refusal substituted by instructions. Acceptance of the prescribed terms did not change the reversal into an affirmance. The defendant in error lost his case here; the judgment rendered in his favor below was found to be erroneous, and to purge it of error, his adversary had to incur the costs now in controversy. He was entitled to get them back.

Judgment affirmed.