## SUMMERVILLE MACADAMIZED, ETC., ROAD COMPANY *vs.* BAKER.

1. When this case was here before, the judgment of the court below was reversed, and a new trial was ordered, unless the plaintiff should agree to run the line from the southern extremity or edge of defendant's road-bed of fifty feet, and to correct the verdict accordingly. When this judgment was certified to the court below and was placed on the minutes, plaintiff accompanied it with a disclaimer such as was directed by this court; he accepted "the condition named" in the judgment of this court, and disclaimed "all right under the judgment in his favor to encroach on the road-bed of the defendant, and agreed to start the dividing line from the southern edge of the road-bed and run thence south to the other terminus, at the mouth of the gully, it being his intention hereby to accept the line fixed by the jury, less any encroachment on the road-bed of the defendant:"

*Held,* that the court below did not err in holding this to be a satisfactory compliance with the condition contained in the judgment of this court, and in overruling the objections of the defendant, and ordering it to go upon the minutes, and that the judgment should be affirmed.

(*a.*) It will not be anticipated that the agreement will not be carried out in good faith. When there shall be a violation of its terms and an encroachment upon the rights of the defendant, it will be time enough for the courts to interpose.

2. The defendant having brought the case to this court, and the judgment below having been affirmed upon the entering of a disclaimer by the plaintiff, the costs of this court and of the transcript were all which defendant was entitled to recover. It was what he was compelled to pay out to correct the errors complained of, and he is not entitled to more.

3. This court has power to render judgments upon terms, or to annex conditions thereto, and the court below has no right to disregard or modify such conditions. The decision of this court and any direction awarded in the case shall be certified by the clerk

to the court below, under the seal of the Supreme Court, and shall be respected, and in good faith carried into full effect by the superior court.

April 17, 1883.

Practice in Superior Court. Costs. Practice in Supreme Court. Before Judge SNEAD. Richmond Superior Court. April Term, 1882.

Baker brought ejectment against the Summerville Macadamized, etc., Road Company, and recovered a verdict for certain described lands. The defendant brought the case to the Supreme Court where a reversal was granted on terms (February Term, 1882). The terms stated in the remitter are as follows:

"The judgment of the court below .be reversed, on the ground that the court erred in charging to the effect that the line of plaintiff extended to the centre of defendant's road-bed; and a new trial is ordered, unless the plaintiff agrees to run the line from the southern extremity or edge of defendant's road-bed of fifty feet, and to correct the verdict accordingly."

When the case was returned to the court below, the defendant objected to the entering of the remitter on the minutes. The court overruled the objection, and ordered the remitter to be entered. . He also refused to give the defendant a judgment for costs, except for those in the Supreme Court. The plaintiff entered a disclaimer in the terms set out in the decision. Defendant's counsel moved for the passage of an order directing a new trial, or, in default thereof, that the surveyor who had run the line in contest be directed to run a new line from the outside of the plank road. The court refused this motion, accepted the disclaimer, and ordered a writ of possession to issue. Defendant excepted and assigned error on each of the rulings of the court. One ground of error was as follows:

"Because, under the constitution and laws of this state, the Supreme Court does not possess the power of reversing

a case upon terms. which. require the action only of. the party whose judgment is reversed, because it appeared to that court that both parties seem agreed as to these terms; and when that court so acted on its own motion alone, it should not have been enforced."

FRANK H. MILLER, for plaintiff in error.

J. S. & E. B. HOOK; FOSTER & LAMAR, for defendant.

HALL, Justice.

This record makes only three questions requiring our notice.

The case was before this court at the February Term, 1882*, and the judgment of the court below was reversed on the ground that the court erred in charging to the effect that the line of the plaintiff extended to the centre of defendant's road-bed, and a new trial was ordered, unless the plaintiff agreed to run the line from the southern extremity or edge of defendant's road-bed of fifty feet, and to correct the verdict accordingly. When this judgment was certified to the court below, and was placed upon the minutes, the plaintiff at the same time accompanied it with a disclaimer such as was directed by this court. He accepted, to use his own words, " the condition named " in the judgment of this court, and disclaimed " all right under the judgment in his favor, to encroach on the road-bed of the defendant, and agreed to start the dividing line from the southern edge of. the road-bed, and run thence south to the other terminus, at the mouth of the gully, it being his intention hereby to accept the line fixed by the jury, less any encroachment on the road-bed of the defendant."

The court below held this disclaimer and agreement a satisfactory compliance with the condition contained in the judgment certified from this court, and over the objections of the defendant, ordered it to go upon the minutes

*69 *Ga.*, 412.

and the judgment to be affirmed.   Defendant excepted to this decision, and brings it here for review.

1. From a careful examination of this record, we are satisfied that there was no error in this ruling.   There is an acceptance of the condition, without any reservation, so far as we can see, upon which the judgment was affirmed, and we are unwilling to anticipate that the agreement will not be carried out in good faith.   When there is a violation of its terms, and the rights of the defendant are thereby encroached upon, it will be time enough for the courts to interpose and prevent the wrongs and injuries which the defendant seems to apprehend.

2. Objection was made to the order and judgment allowing cost for bringing the case to this court.   The court below awarded to the defendant judgments for the cost incurred in this court and also for fifty-five 50-100 dollars cost of transcript to Supreme Court, paid by defendant upon obtaining *supersedeas*, and directed execution to issue for those several sums.   This, under any view we can take, is all the cost for which the defendant was entitled to have judgment.   It was what he had to pay out to correct the errors complained of.   Surely he is not entitled to more.  56 *Ga.*, 456 ; 59 *Ib.*, 199.

3. The next objections urged to this proceeding relate to the power of this court to render judgment upon terms, or to annex conditions thereto, and to the right of the court below to disregard or modify such conditions.   How any one should, at this late day, question the right of this court to render such judgments, or should claim for the court below the powers alluded to, we do not comprehend.   " The decision of the court, and any direction awarded in the case, shall be certified by the clerk to the court below, under the seal of the Supreme Court, and shall be respected, and in good faith carried into full effect by the superior court."  Code, §4285.  Upon a question so clear it would be a mere waste of time to make further citations, or to offer additional reasons.   Some things are so

clear that all the argument and reason in the world could not make them clearer, and this we deem one of those things. This we say, with entire respect for the high personal and professional standing of the able and learned counsel who brings these questions before the court for its decision, and who has so earnestly, but courteously, insisted upon their correctness.

Judgment affirmed.