BREWER, sheriff, *et al. v.* AMERICAN MISSIONARY ASSOCIATION.

A corporation, organized and conducted purely for charitable purposes, owned real estate and buildings which were used solely in conducting a school. Nominal fees were charged for tuition and board, but the income thus derived fell far short of the expenses of the institution, and the deficit was supplied by donations collected by the corporation. The school yielded no profit, and the corporation declared no dividends, nor were profits or dividends in contemplation in the conduct of either. *Held*, that the property was exempt from taxation under the provisions of section 762 of the Political Code.

Argued November 18,—Decided December 21, 1905.

Equitable petition. Before Judge Seabrook. Liberty superior court. May 13, 1905.

This case came up on exceptions to the overruling of the defendants' demurrer to the petition. The petition was, in substance, as follows: The plaintiff is a New York corporation, whose sole business, occupation, and purpose is receiving money by donations from charitably inclined persons, and distributing the amounts thus received among various charities in which it is engaged in different parts of the United States, its chief charity being that of education. Plaintiff owns certain real estate in Liberty county, Georgia, known as the Dorchester Academy, which is delivered over to one Fred W. Foster for the purpose of operating and conducting a school for the education of negro youths. No profit or income is derived by plaintiff from said school, but, on the other hand, a very large deficit is incurred each year by the person operating it, and this deficit is paid each year by plaintiff. The average attendance of the school during the year preceding the filing of the petition was 415 pupils, and a tuition fee of one dollar per student per month was charged. No other sums are derived from or paid on account of the institu-

tion, except a small amount for board, which is fixed at seven dollars per student per month, not more than three fifths of which is paid in money, the remainder being paid in labor, which is not needed by plaintiff, but which is accepted out of charity and as a part of plaintiff's scheme of teaching, in which self-sustenance and self-reliance are in this manner taught. At the end of each scholastic year, or from time to time as there may be need, the person in charge of the school notifies plaintiff of the difference between the expenditures necessary for the operation of the school and the amounts received from board and tuition, and this deficiency is paid by plaintiff without further recourse upon any one. The deficiency thus incurred will average from $4,000 to $4,500 per year. During no scholastic year has there failed to be a deficiency, and the plaintiff has never derived any profit or benefit from the school, save the work accomplished in carrying out its scheme of education. The tax-collector of Liberty county has assessed this property for taxation at a designated valuation, and is about to turn over to the sheriff an execution to be levied thereon for the amount of the taxes assessed. The assessment and execution are illegal, in that the property taxed is an institution of purely public charity, "and further, because all of its buildings were erected for, and are used as, a college, incorporated academy, or other seminary of learning, and none of said property is used either for private or corporate profit or income." The execution is a cloud upon plaintiff's title, and the plaintiff is likely to be harrassed by many such executions in future unless the tax-collector and sheriff are enjoined from proceeding in this case. Therefore the plaintiff prayed for an injunction.

The grounds of the demurrer were, (1) general; (2) that sufficient parties have not been made to entitle the plaintiff to the relief sought; (3) that the plaintiff has an adequate remedy at law; and (4) that the declaration shows that one Fred W. Foster is conducting a school for profit and income, which school is sought to be released from taxation. By an amendment to the demurrer it was contended that the property claimed to be exempt was not sufficiently described in the petition, and that certain allegations in the petition relative to the ownership and use by the plaintiff of properties in other parts of the United States were superfluous, impertinent, and irrelevant. In the order overruling the demurrer it was

stated that the first and third grounds of the original demurrer were abandoned.

*Beckett, Norman & Beckett* and *A. S. Way,* for plaintiff in error. *DuBignon & Alston* and *Adams & Adams,* contra.

CANDLER, J.   (After stating the facts.)   It is clear that if the decision of this court in the case of *Linton* v. *Lucy Cobb Institute,* 117 *Ga.* 678, is followed, the judgment in the present case must be affirmed.   On the allegations of the petition the case at bar is even stronger than the *Lucy Cobb Institute* case, for it is inferable that in the latter case the fees from tuition and board exceeded the actual operating expenses of the school, the excess being applied to repairs and improvements on the school and its buildings; while here it appears that the fees charged are merely nominal and quite inadequate to meet the running expenses of the institution, the deficit being supplied by purely charitable donations.   The facts alleged clearly differentiate the case from the cases of *Mundy* v. *Van Hoose,* 104 *Ga.* 292, and *Brenau Association* v. *Harbison,* 120 *Ga.* 929. The contention of counsel that it appears that the school is being conducted by Foster for his private gain is not supported by the allegations of the petition; for it is, in effect, definitely alleged that Foster is merely the plaintiff's agent, and that whatever he does in the premises is done for it.   It was argued in the brief of counsel for the plaintiffs in error that the plaintiff below is not entitled to the exemption claimed, because it is a non-resident corporation, whereas the exemption is allowed only to individuals and corporations domiciled in Georgia; but this contention, even if meritorious, can not be considered, because it nowhere appears to have been urged in the court below.   The grounds of demurrer which have not been considered in the foregoing discussion were not insisted upon in this court, and therefore will be treated as having been abandoned.   Following the ruling in the *Lucy Cobb Institute* case, supra, the judgment of the court below is

*Affirmed.   All the Justices concur.*