## BAGGETT, sheriff, *et al. v.* GEORGIA CONFERENCE ASSOCIATION OF SEVENTH DAY ADVENTISTS.

1. "Buildings erected for and used as a college, incorporated academy, or other seminary of learning, which are exempt from taxation under the Civil Code, § 998, embrace the land upon which such buildings are located and the land adjacent thereto necessary for their proper use, occupancy, and enjoyment."

2. Under the undisputed evidence in the record the trial judge did not err in granting an injunction restraining the levy and sale of any portion of the tract of 150 acres upon which the buildings used and occupied as a seminary of learning were situated, it appearing that that portion of the 150 acres upon which the necessary buildings are located is adjacent to the remainder of the tract, a portion of which is in woods and pasture, and the remainder, which is likewise adjacent, consisting of less than 50 acres of cultivatable land, which was properly held to be necessary not only as an economic necessity but also as a means of demonstrating and teaching practical agriculture as embraced in the curriculum and regulations of the institution: it being uncontradicted in the evidence that no profit had been derived from any portion of the land on the part of the association, all the produce being used to support the institution and there being each year since the establishment of the school a deficit in revenue which the defendant in error was compelled to raise by voluntary subscription.

3. In the conduct of an agricultural training school such an amount of farming land as may be necessary in the teaching of practical agriculture is included within the term "buildings," as applied to such an institution, as much as an expensive outfit of necessary machinery is necessary to instruct in textile art. In the latter case the buildings would be useless without the machinery; and in the former, some farming land is absolutely indispensable to agricultural experiment, demonstration, and enlightenment in agriculture.

(a) Had the evidence in this case disclosed that the quantity of cultivatable land was in excess of the actual need of the school, or that the land was used for the purpose of income, a different result should and no doubt would have been reached.

No. 3645.   FEBRUARY 14, 1924.

Injunction.   Before Judge Irwin.   Douglas superior court. February 3, 1923.

*Astor Merritt,* for plaintiffs in error.

*J. R. Hutcheson,* contra.

RUSSELL, C. J. The defendant in error, Georgia Conference Association of Seventh Day Adventists, is a corporation chartered under the laws of this State. This corporation, which will hereafter be referred to as the association, asked an injunction to restrain the sheriff and the tax-collector of Douglas County from proceeding with or enforcing a tax fi. fa. issued by the tax-collector for taxes due for the year 1921. A temporary restraining order was granted, and the case came on for a hearing before his honor, F. A. Irwin, judge of the Tallapoosa circuit, on February 3, 1923, when an interlocutory injunction was granted. The bill of exceptions complains of the grant of the injunction, and says that the court erred, first, because the evidence demanded a finding in favor of the tax execution and the refusal of the injunction, because it was shown that the property sought to be taxed was used for income-producing purposes; second, because it is not the purpose for which a corporation is organized that determines whether its property is exempt from taxation, but the use to which the property owned or held is put; and third, because the grant of the injunction is contrary to law, contrary to the evidence, and without sufficient evidence to support it.

We have not reached a conclusion in this case without considerable difficulty, but it is now plain that the ruling of the judge is not in conflict with anything hitherto held by this court, as the cases which appear to conflict are readily distinguished by a comparison of their facts with the evidence disclosed by the present record; and after a careful consideration of the various decisions construing § 998 of the Civil Code, we are of the opinion that the decision in this case must be controlled by the rulings of this court in *Linton* v. *Lucy Cobb Institute,* 117 *Ga.* 678 (45 S. E. 53), *Brewer* v. *American Missionary Association,* 124 *Ga.* 490 (52 S. E. 804), and *Mayor &c. of Gainesville* v. *Brenau College,* 150 *Ga.* 156 (103 S. E. 164).

We agree with the learned counsel for the plaintiffs in error that it is the use to which the property is put, more than the purpose of incorporation, which must determine whether property like that here involved is exempt from taxation. The evidence in this case shows that the small body of farming land, less than fifty acres, is used as an adjunct to the operation of the school, not merely in a financial sense, but as a part of the educational paraphernalia,

absolutely requisite and essential to enable the Flat Rock Academy to perform its functions and to educate in compliance with its curriculum. In the evidence before the judge there was introduced a curriculum of the Flat Rock Academy, and it will be seen that in all of the higher grades agriculture is an essential to the instruction and education of the pupils. It fully appears from the testimony that every pupil, even in the lower grades, is required to work two hours each day in the field, and that students who are working their own way through the school are compensated for any extra work on the farm in order to assist them to complete their course. It is true that it is stated that there is an expense account kept of the proceeds from the farm, as is the case with other departments of the institution, but that there has never been any sale to make profits, but that on the contrary all produce raised on the farm has been applied to the feeding of the students, and that there never has been a year when there was an income equal to expenditures; and therefore it cannot be said that the farming was done for a profit, but rather it must be concluded that in the condition of the finances of the Flat Rock Academy and all its pupils, the cultivation of the small tract of farming land is indispensable to its continued existence. It also appears from the record that in carrying out the purposes of its organization the association has on the farm three mules and eight cows. It cannot but be inferred that the mules are used in the cultivation of the crops, and perhaps the hauling of fuel from the woods; and that the milk from the cows is not used for profit, but to supply a healthful article of food for the students. We think the trial judge was further authorized to find that no property which the association was attempting to protect as exempt from taxation was used for profit either to the association or its agents, but that it clearly appears that all the property relieved by the judge was an integral part of the composite unit—Flat Rock Academy, and is used for religious and educational purposes without any idea of a resultant profit, either to repair the buildings, as in the *Linton* case, supra, or to provide an endowment, either temporary or permanent.

In the *Brenau College* case, supra, which is the opinion of a full bench, Mr. Justice George, delivering the opinion of the court, reviews and construes previous decisions of this court as well as the constitutional provision declaring that "all buildings erected

for and used as a college, incorporated academy, or other seminary of learning," may by law be exempt from taxation, provided the "property be not used for purposes of private or corporate profit or income." § 998 of the Civil Code follows the wording of the constitution. Proceeding, Mr. Justice George says, "It is said that taxation is the rule and exemption from taxation the exception. The rule of strict construction is invoked, and, strictly construed, it is said that the land upon which the buildings of an educational institution are located is not exempt from taxation. The precise question has not been decided by this court. In *Linton* v. *Lucy Cobb Institute,* 117 *Ga.* 678 (45 S. E. 53), . . it was assumed that buildings include the ground upon which they are located. In *Brewer* v. *American Missionary Association,* 124 *Ga.* 490 (52 S. E. 804), this court evidently considered that the whole property, buildings and grounds, was exempt from taxation. . . The opinion by Chief Justice Bleckley in *Trustees etc.* v. *Bohler,* 80 *Ga.* 159, 162, 165 (7 S. E. 633), strongly indicates that the exemption from taxation of an institution would necessarily carry with it the land covered with the necessary buildings, grounds for recreation, *etc.,* connected therewith and used by the institution. Under the agreed statement of facts, so much of the land of Brenau College as is not actually covered with necessary college buildings is adjacent thereto and used exclusively as a college campus. We recognize the rule that the statute exempting property from taxation is to be strictly construed. *Brenau Association* v. *Harbison,* 120 *Ga.* 929 (48 S. E. 363, 1 Ann. Cas. 836). We regard the rule as salutary. Nevertheless buildings erected for and used as colleges, incorporated academies, and seminaries of learning are usually permanent in character. In a relative sense they are immovable. When, therefore, so solemn an instrument as the constitution authorizes the exemption of all such buildings, and when the General Assembly in exercising the power so conferred upon it exempts from taxation all such buildings, a construction of the statute consonant with the purpose of the exemption and the settled policy of the State, as reflected by the exempting statute, must be adopted. Buildings will therefore be construed to embrace the land upon which they are located and the land adjacent thereto necessary for their proper use, occupancy, and enjoyment, provided of course 'the property be not used for purposes of private or corporate profit or income.' "

It will be observed that though it was stated that prior to the decision from which we have just quoted the "precise question" had not been decided, there can be no question that it was once for all decided as above quoted in the case of *Mayor etc. of Gainesville* v. *Brenau College*, supra.    As seems to have been apparent to the court in the *Brewer* and *Bohler* cases, supra, so it seems plain in the present case, that under the evidence in the record the buildings of the Flat Rock Academy could not be either properly used, occupied, or enjoyed for the purpose intended without all of the adjacent land mentioned in the record, and that the evidence excluded it from any suggestion that the property was used "for purposes of private or corporate profit or income." The court did not err in granting the interlocutory injunction.

*Judgment affirmed. All the Justices concur, except Atkinson and Hines, JJ., dissenting.*

HINES, J.    Art. 7, sec. 2, par. 2, of the constitution of this State (Civil Code (1910), § 6554), among other property, exempts from taxation "all buildings erected for and used as a college, incorporated academy, or other seminary of learning." This language is plain. It exempts nothing but buildings. *Linton* v. *Lucy Cobb Institute*, 117 *Ga.* 678, *Brewer* v. *American Missionary Association*, 124 *Ga.* 490, and *Mayor &c. of Gainesville* v. *Brenau College*, 150 *Ga.* 156 (supra), have gone far enough in extending the exemption established by the above provision of the constitution. I am not willing to go further in this direction. The present case involves further extension of this exemption. I think judicial nibbling at this constitutional provision should cease. With the wisdom or expediency of this provision of the constitution we are not concerned. It might have been wise, proper, and expedient for the makers of this instrument to have exempted the property involved in this case, but they did not. We have no power to exempt it.

In *Brewer* v. *American Missionary Association*, supra, the decision was put upon the ground that the institution there dealt with was a purely charitable institution. The constitution exempts all the property of purely charitable institutions. So I feel constrained to dissent from the opinion of the majority.

I am authorized to say that Justice Atkinson concurs in this dissent.