Atkinson, Justice,
dissenting. It is declared in article 7, section 2, paragraph 2, of the constitution of this State (Code, § 2-5002) : “The General Assembly may, by law, exempt from taxation . . all institutions of purely public charity; all buildings erected for and used as a college, incorporated academy, or other seminary of learning, and also all funds or property held or used as endowment by such colleges, incorporated academies, or seminaries of learning, provided the same is not invested in real estate; . . provided, the property so exempted be not used for purposes of private or corporate profit and income.” This constitutional provision was carried into effect by legislative enactment expressed in the same language. Code, § 92-201. It will be perceived that the exemption from taxation here referred to applies with equal force to both “institutions of purely public charity,” and to “buildings erected for and used as a college, incorporated academy, or other seminary of learning.” It will be perceived further that funds “or property held or used as endowment by such colleges, incorporated academies, or seminaries of learning,” are exempted provided same are not invested in real estate. It will further be perceived that the several exemptions so expressed are made only “ provided the property so exempted be not used for purposes of private or corporate profit and income.” This last provision applies with equal force whether the particular exemption comes within the class of institutions of purely public charity, or in the class of buildings erected for and used as a college, incorporated academy, or other seminary of learning. In Richardson v. Executive Committee of the Baptist Convention, 176 Ga. 705 (169 S. E. 18), the question was involved whether certain buildings and the land on which they were erected in the City of Atlanta, occupied and used by the Georgia *648 Baptist Hospital for the purpose of conducting a hospital and the conduct of a school for training nurses for employment in the hospital, were exempt from taxation under the claim that the property was used for purely charitable and educational purposes. It was said in the opinion that although “institutions” may be “of purely public charity,” the property will not be exempt if it is “used for purposes of prívale or corporate profit or income.” And “If it be conceded that the institution in question was ‘of purely public charity,’ a controlling question will be was the property ‘used for purposes of private or corporate profit or income.’ ” This controlling question was fully considered by the court, and upon authority of the decisions in Trustees of the Academy of Richmond County v. Bohler, 80 Ga. 159 (supra), Massenburg v. Grand Lodge, 81 Ga. 212 (7 S. E. 636), and Mundy v. Van Hoose, 104 Ga. 292, it was held that the property in question was not exempt from taxation, the fundamental reason being stated that the property in question is used for “corporate income.” The headnote, which was the official decision of the court, was as follows: “It is declared in the Civil Code (1910), § 998: ‘The following described property shall be exempt from taxation, to wit . . all institutions of purely public charity, . . provided the above-described property so exempted be not used for purposes of private or corporate profit or income.’ Under the construction of this law as stated and applied in former decisions of this court, and particularly the words ‘for purposes of private-or corporate profit or income,’ a hospital supported in substantial part by donations and largely by income derived from ‘pay patients’ received in the hospital is not within the exception stated in the proviso, although the hospital also receives without charge certain patients who are unable to pay. Property used in such manner, whether or not the hospital is a charitable institution, is not exempted, and consequently is subject to taxation.” All that was said in that decision is applicable to the instant case, and the principles stated impel a decision that under the facts the property here was not exempt from taxation. It is impossible to conceive that the Southern Dental College, a corporation, could carry on an .educational institution and on the strength of its corporate business acquire the property in question and pay for it from the earnings of the institution, and not be using the property for “corporate profit or *649 income.” In the circumstances alleged in the petition, while the property was used as a college it was also used fox corporate profit and income, which latter use brought the case within the proviso inhibiting exemption from taxation. The court erred in overruling the demurrer, and in granting an injunction. Mr. Justice Bell concurs in this dissent.