**742**

NILSEN *v.* CITY OF LAGRANGE.

HUTCHESON, Justice. The plaintiff in error was convicted of an alleged violation of an ordinance of the City of LaGrange, which he attacked as unconstitutional. His petition for certiorari was overruled, and his bill of exceptions was made returnable to the Supreme Court. Under the decision in *Maner* v. *Dykes*, 183 *Ga.* 118 (187 S. E. 699), the Court of Appeals, and not the Supreme Court, has jurisdiction of the writ of error. *Transferred to the Court of Appeals. All the Justices concur.*

No. 11626. JANUARY 15, 1937.

*E. T. Moon,* for plaintiff in error. *J. T. Thomasson,* contra.

CITY OF NASHVILLE v. LANIER MOTOR COMPANY.

BECK, Presiding Justice. Where the charter of a city in this State contains the provision that whenever any execution issued by the proper authority of such city for taxes, licenses, or assessments shall be levied upon any property, the defendant in fi. fa. shall have the right to file an affidavit denying that the whole or any part of such execution is due, and the reason why it is not due (Ga. L. 1910, pp. 956, 984), and where a fi. fa. issued by such city is levied on certain property for the failure to pay a license fee or tax in accordance with an ordinance of said city, the owner of the property, who contests his liability for the license fee or tax, has a plain legal remedy provided by this statute in the city's charter; and the superior court should not entertain a petition for injunction to restrain enforcement of the fi. fa. Equity will not enjoin the processes of a court of law, unless the defendant can not avail himself at law. Code, § 55-103, and cit. Consequently the court should have dismissed the petition, instead of entertaining it and granting the injunction. *Judgment reversed. All the Justices concur.*

No. 11631. JANUARY 15, 1937.

*H. L. Jackson,* for plaintiff in error. *Thomas E. Miller,* contra.