CARREKER *et al. v.* GREEN & MILAM INC.

No. 11647.  February 12, 1937.

*M. J. Yeomans, attorney-general,* and *B. D. Murphy, assistant attorney-general,* for plaintiffs in error.

*J. C. Murphy,* contra.

JENKINS, Justice.  It is the general rule that "injunction will lie, at the instance of any taxpayer who has not estopped himself, to enjoin a sale of his property to collect an unauthorized tax." *Fulton Trading Co. v. Baggett,* 161 *Ga.* 669 (2), 671 (131 S. E. 358); *Vincent v. Poole,* 181 *Ga.* 718, 720 (184 S. E. 269), and cit.  This is true for the reason that, unless authorized by statute, "an affidavit of illegality [is not] a proper remedy to contest the illegality of an execution in the nature of a tax execution." *Goolsby v. Board of Drainage Comrs.,* 156 *Ga.* 213 (6, *b*) (119 S. E. 644).  Accordingly, since the taxpayer ordinarily has no adequate remedy at law, statutes expressly authorizing an appeal to equity have been enacted.  See Code, §§ 92-6102, 92-6104, 92-6803, as to taxes on properties returnable to the comptroller-general; § 92-6804, as to taxes on properties returnable to county tax-receivers; §§ 92-6805, 92-6806, 92-6807, as to municipal taxes on unreturned properties; *Lane v. Unadilla,* 154 *Ga.* 577 (2) (114 S. E. 636).  But where, as in the instant case, one complains of the illegality of a taxing statute or collection procedure thereunder on an attempted collection of an execution issued by the State Revenue Commission, the foregoing rules and decisions are not applicable, since it has been held by this court, that, under section 80 of the "reorganization act" of 1931 (Ga. L. 1931, p. 33; Code, § 92-7301), he "has an adequate remedy at law" by "affidavit of illegality." *Hicks v. Stewart Oil Co.,* 182 *Ga.* 654 (4), 657 (186 S. E. 802).  See also *City of Nashville v. Lanier Motor Co.,* 183 *Ga.* 742 (189 S. E. 532).  Under this ruling, it is unnecessary to determine as to the validity of the income-tax act

of 1929, or the procedure by the State Revenue Commission, under the constitutional questions raised in the petition.

Judgment reversed. All the Justices concur.