ELDER, Municipal Revenue Collector, *et al. v.* HENRIETTA EGLESTON HOSPITAL FOR CHILDREN INC. *et al.*

490

No. 16618.  MAY 12, 1949.  REHEARING DENIED JUNE 16, 1949.

*J. C. Savage, J. C. Murphy, J. M. B. Bloodworth,* and *John E. Feagin,* for plaintiffs in error.

*John H. Boman Jr.,* and *Crenshaw, Hansell, Ware & Brandon,* contra.

CANDLER, Justice. (After stating the foregoing facts.) In the present case we are dealing with the right of a municipality to tax the property of a charitable institution in which there is no private ownership, no capital stock, no profit or income to any individual, stockholder, or private corporation, and where its entire income from all sources is devoted exclusively to the maintenance and operation of its hospital, caring for sick and disabled children who are financially unable to pay for treatment, and increasing its charitable facilities for the relief of human suffering.

Had this case reached us before the adoption of the Constitution of 1945, the rulings made in the cases of *Trustees of the Academy of Richmond County* v. *Bohler,* 80 *Ga.* 159 (7 S. E. 633), *Massenburg* v. *Grand Lodge,* 81 *Ga.* 212 (7 S. E. 636), *Mundy* v. *Van Hoose,* 104 *Ga.* 292 (30 S. E. 783), and *Richardson* v. *Executive Committee of the Baptist Convention,* 176 *Ga.* 705 (169 S. E. 18), would have been binding upon us and we would have been required to hold, as we did in those cases, that the property of an institution, even though it be one of purely public charity, when used for private or corporate profit or income is taxable. When this court decided those cases, the General Assembly, pursuant to article 7, section 2, paragraph 2 of the Constitution of 1877, had exempted from taxation "all institu-

tions of purely public charity . . provided the property so exempted be not used for purposes of private profit or income." But since then the people of this State adopted the Constitution of 1945, and article 7, section 1, paragraph 4 of that instrument provides that the General Assembly may, by law, exempt from taxation "all institutions of purely public charity; . . provided the property so exempted be not used for the purpose of private or corporate profit and income, distributable to shareholders in corporations owning such property or to other owners of such property, and any income from such property is used exclusively for religious, educational and charitable purposes, or for either one or more of such purposes and for the purpose of maintaining and operating such institution." In 1946 the General Assembly passed an act exempting from taxation all of the property enumerated in the above-stated clause of the Constitution, using the identical language there employed, Ga. L. 1946, p. 12. By that act the General Assembly fully exhausted its constitutional power to make exemptions, and the amending act of 1947 (Ga. L. 1947, p. 1183), which expressly exempted from taxation all hospitals of purely public charity added nothing to what the General Assembly had previously done by the act of 1946. But in the present case no contention is made, nor could the same be successfully made, that the General Assembly has not exempted from taxation all of the property which it had constitutional authority to exempt, and the question actually made by the record is whether or not the property presently involved comes within the enumerated properties which the Constitution of 1945 empowered the General Assembly to exempt. The plaintiffs in error contend that it does not, but we cannot agree with them. They concede that the hospital here involved was organized for charitable purposes, and there is no merit in the contention that it is not an institution of purely public charity. According to the record, its facilities are available alike to poor, unfortunate children, and the fact that patients who are able to pay are charged for services rendered, according to their ability, does not alter its character as such. *Trustees of the Academy of Richmond County* v. *Bohler,* supra. And, as shown by our statement of facts, all of its income from all sources is used exclusively for maintenance, operation, enlarging its charitable facilities, and for

furtherance of its charitable purposes, with no part of the same distributable to any one having an interest therein. This interpretation of article 7, section 1, paragraph 4 of the Constitution of 1945 accords with the intention of the framers of that document as shown in the Records of the Constitutional Commission 1943-1944, Volume I, pages 138-141, 388-395, 397, 528-531; Volume II, pages 58-59.

For the reasons stated, the allegations of the petition clearly show that the property sought to be taxed has been exempted by statute passed pursuant to the Constitution of 1945, and the court properly held that the petition stated a cause of action for the relief prayed.

*Judgment affirmed. All the Justices concur, except Atkinson, P. J., and Wyatt, J., who dissent.*