334 Mass. 183 (1956)
134 N.E.2d 451
ANTHONY GANGI & others
vs.
BOARD OF APPEALS OF SALEM.
Supreme Judicial Court of Massachusetts, Essex.
April 2, 1956.
May 11, 1956.
Present: QUA, C.J., WILKINS, WILLIAMS, COUNIHAN, & WHITTEMORE, JJ.
Frank W. Crocker, (Levin H. Campbell with him,) for the defendant and the intervener.
Paul F. Strout, for the plaintiffs, submitted a brief.
WILLIAMS, J.
The building inspector of the city of Salem refused a permit to the Animal Rescue League of Boston to construct and use a building in a section of the city of Salem *184 zoned as a general residence district for an office and a shelter for animals on the ground that such permit would be contrary to the zoning ordinance. This ordinance permitted the construction and use in a general residence district of a building for a "Public or semi-public institution of a philanthropic, charitable, or religious character, but not a correctional institution." See §§ 2 B 7 and 3 B 1.[1] On appeal the board of appeals ordered that the permit be granted. From its decision the plaintiffs, who are residents of the city residing in the vicinity, appealed to the Superior Court. There a decree was entered annulling the decision of the board of appeals on the ground that its order was in excess of its authority. From this decree the Animal Rescue League, which had been allowed to intervene, and the board appealed. It is agreed that all procedural and statutory requirements leading to the decision of the board were complied with and that the sole issue is whether the board was correct in deciding that the requested permit and the proposed use were expressly permitted by § 3 of the zoning ordinance. The judge found that "the league was a private nonprofit corporation, rendering service without charge, of a semipublic and charitable character," and that the proposed use of the shelter "was for the establishment of a refuge for rescue and relief of suffering or homeless animals in the city of Salem or thereabouts"; but that the league "is not an `institution'" and "the proposed animal shelter is not an `institution' or `for an institution.'" He ruled that under the zoning ordinance the proposed use was not permitted.
While admitting that the league is a semipublic corporation of a charitable nature and an institution "within certain accepted meanings," the plaintiffs contend that it is not an institution "as that term is employed in ... § 2 B 7." In Massachusetts Society for the Prevention of Cruelty to Animals v. Boston, 142 Mass. 24, 28, it was held that "an institution *185 must be deemed both benevolent and charitable which educates men in the diseases of the domestic animals, and the proper mode of dealing with them, even if it also inculcates the duty of kindness and humanity to them, and provides appropriate means of discharging it." In Minns v. Billings, 183 Mass. 126, 130, it was held that both the above named society and the league were public charities. In both cases these organizations were referred to as institutions. According to dictionary definition an institution is commonly an established corporation, especially one of a public character. The term may be applied both to the organization itself and to the place where its operations are conducted. See Prescott Courier, Inc. v. Board of Supervisors of Yavapai County, 49 Ariz. 423, 430; Cochran v. McLaughlin, 128 Conn. 638, 642; Trustees of the Academy of Richmond County v. Bohler, 80 Ga. 159, 161-162; Bartling v. Wait, 96 Neb. 532, 537; Gerke v. Purcell, 25 Ohio St. 229, 244. It therefore appears that both the league itself and its proposed shelter according to the accepted meaning of the word were institutions and within the meaning of the ordinance.
The care and disposal of homeless and neglected animals are no less objects of charity than are the care and treatment of human beings. It is unnecessary to cite the several statutes in this Commonwealth relating to the humane treatment of animals and the disposal of those so vicious and diseased as to constitute a public menace to demonstrate that their treatment and disposal are matters regarded by the Legislature as pertaining to the public welfare.
The decree of the Superior Court is reversed and a decree is to be entered in accordance with the decision of the board of appeals.
So ordered.
NOTES
[1] Section 2 B 7 expressly permitted such use in the single residence districts, and § 3 B 1 permitted in the general residence districts uses authorized in the single residence districts.  REPORTER.