19612. CHURCH OF GOD OF THE UNION ASSEMBLY, INC., *v.* CITY OF DALTON *et al.*

Argued February 11, 1957—Decided March 11, 1957.

*Bobby Lee Cook,* for plaintiff in error.
*Carlton McCamy,* contra.

HEAD, Justice. Equity will enjoin a sale of property for the collection of an unauthorized tax at the instance of any taxpayer who is not estopped. Code § 92-6807; *Burkhart* v. *City of Fitzgerald,* 137 *Ga.* 366 (73 S. E. 583); *Fulton Trading Co.* v. *Baggett,* 161 *Ga.* 669 (131 S. E. 358); *Carreker* v. *Green & Milam Inc.,* 183 *Ga.* 864 (189 S. E. 836).

It is the rule that all grants of exemption from taxation must be strictly construed in favor of the State, and that nothing passes by implication, but this rule must not be pushed to unreasonableness. *Rayle Electric Membership Corp.* v. *Cook,* 195 *Ga.* 734 (25 S. E. 2d 574). An exemption from taxation will not be held to be conferred unless the terms under which it is granted clearly and distinctly show that such was the intention of the legislature. *Cherokee Brick & Tile Co.* v. *Redwine,* 209 *Ga.* 691, 693 (75 S. E. 2d 550). In determining whether or not the exemption claimed has in fact been granted, the words in the constitutional exemption are to be given their ordinary meaning. *Epping* v. *City of Columbus,* 117 *Ga.* 263 (3) (43 S. E. 803).

Under the provisions of Art. VII, Sec. II, Par. II of the Constitution of 1877 (Code § 2-5002), the only tax exemption to churches authorized was "places of religious worship or burial." In 1946 the General Assembly, by an act approved January 31, 1946, exempted the property described in Art. VII, Sec. I, Par. IV (Code, Ann., § 2-5404) of the Constitution of 1945, in the exact language of the constitutional authority to exempt from taxation. Under this 1946 act (Ga. L. 1946, p. 12), "places of religious worship or burial" and "all intangible personal property owned by or irrevocably held in trust for the exclusive benefit of, religious, educational and charitable institutions" were exempted, provided that none of the property exempted should be distributed to shareholders, and that the income should be used "exclusively for religious, educational and charitable purposes," and provided the exemption should not apply to real estate "used for the primary purpose of securing an income thereon."

The Minutes of the Constitutional Commission of 1945 reveal that the commission declined at that time to include an exemption on property owned by religious groups used only for single-family residences. See Records of Constitutional Commission,

vol. 1, pp. 395, 396. In 1953 the General Assembly by resolution proposed an amendment to the Constitution of 1945 (Art. VII, Sec. I, Par. IV; Code, Ann., § 2-5404), by inserting in subparagraph one, after the words, "The General Assembly may, by law, exempt from taxation all public property; places of religious worship or burial," the words, "and all property owned by religious groups used only for residential purposes and from which no income is derived." (Ga. L. 1953, Nov.-Dec. Sess., p. 70). The proposed amendment was submitted to the voters and approved in the General Election of 1954. In 1955 the General Assembly passed an act (Ga. L. 1955, p. 262) consistent with the amendment, and otherwise re-enacting the exemption provisions contained in the act of 1946. The language added by the 1955 act, "all property owned by religious groups used only for single family residences and from which no income is derived," exempted the residences of a religious denomination or society occupied by a pastor, preacher, or other person occupying such relation to the religious group, from ad valorem taxation. The constitutional amendment of 1953, and the statute of 1955, do not limit or restrict the exemptions previously enacted pursuant to Art. VII, Sec. I, Par. IV of the Constitution of 1945.

In the present case it is contended by the city that the language, "places of religious worship or burial, and all property owned by religious groups used only for single-family residences and from which no income is derived," is exhaustive in description of property belonging to churches exempt from taxation; and, "if the property against which taxes have been assessed is productive of income, whether that be the primary or secondary purpose of the ownership of the property, that it is not entitled to be exempted from taxation."

The decisions of this court in *Harriman* v. *First Bryan Baptist Church,* 63 *Ga.* 186 (36 Am. R. 117), *Trustees of First Methodist Episcopal Church, South* v. *City of Atlanta,* 76 *Ga.* 181, *City of Atlanta* v. *First Presbyterian Church,* 86 *Ga.* 730 (13 S. E. 252, 12 L. R. A. 852), and similar cases, are not controlling in the present case, since they are not in point on their facts, and were rendered under the exemptions authorized by the Constitution of 1877.

Counsel for the parties have not cited any decision by this court in point on its facts with the present case. In principle, however, the decision here is controlled by the ruling in *Elder* v. *Henrietta Egleston Hospital*, 205 *Ga.* 489 (53 S. E. 2d 751). In the *Elder* case it was said that, prior to the adoption of the Constitution of 1945, the decisions of this court based on the constitutional exemptions of 1877 were controlling, and the property of an institution, though one of public charity, when used for corporate profit or income, was taxable. It was held in the *Elder* case that the income of the hospital from all sources was used exclusively for the maintenance, operation, and furtherance of the charitable purposes of the hospital, and that the petition, under the Constitution of 1945, and the act of 1946, stated a cause of action for relief from ad valorem taxation.

The exemptions applying to a charitable institution under Art. VII, Sec. I, Par. IV of the Constitution of 1945, and the acts of 1946 (Ga. L. 1946, p. 12) and 1955 (Ga. L. 1955, p. 262), placed religious, educational, and charitable institutions on the same basis with reference to income, in that any income from such property must be "used exclusively for religious, educational and charitable purposes, or for either one or more of such purposes and for the purpose of maintaining and operating such institution."

In the present case, it is alleged that no dividends, income, or profits have been, or will be, distributable for the purpose of profit or personal gain, that the property upon which the execution has been levied is a place of religious worship, is used in maintaining and operating a church, that the income derived therefrom is used exclusively for religious purposes, and that the primary purpose of such real estate is not that of securing an income thereon, but the primary purpose is that of providing a meeting place and quarters for members of affiliates of the Church of God of the Union Assembly. The allegations of the petition as amended placed the plaintiff squarely within the constitutional and statutory exemptions. The petition alleged a cause of action for the relief prayed, and it was error to dismiss it on general demurrer.

*Judgment reversed. All the Justices concur.*