## 21156. CHURCH OF GOD OF THE UNION ASSEMBLY, INC. v. CITY OF DALTON *et al.*

ARGUED FEBRUARY 13, 1961—DECIDED MARCH 9, 1961.

660

*Pittman, Kinney & Pope, L. Hugh Kemp,* for plaintiff in error.
*Harbin, McCamy & Minor,* contra.

DUCKWORTH, Chief Justice. The decision by this court on the former appearance of this case in *Church of God of the Union Assembly v. City of Dalton,* 213 Ga. 76 (97 S. E. 2d 132), states at page 80 upon what allegations of the petition our decision that a cause of action was alleged was based, as follows: "It is alleged . . . that the property upon which the execution has been levied is a place of religious worship, is used in maintaining and operating a church, that the income derived therefrom is used exclusively for religious purposes, and that the primary purpose of such real estate is not that of securing an income thereon, but the primary purpose is that of providing a meeting place and quarters for members of affiliates of the church." We held that, because of such allegations, the petition was not subject to demurrer. From the volume of evidence in this record we fear counsel on both sides misconstrued our decision. In harmony with that decision, we shall now undertake to define clearly the exact property belonging to religious institutions that

the statute (*Code Ann.* § 92-201; Ga. L. 1946, p. 12; 1947, p. 1183; 1955, pp. 262, 263), which was enacted in virtue of authority conferred by the Constitution, art. 7, sec. 1, par. 4 (Constitution of 1945, *Code* § 2-5404; as amended by Ga. L. 1953, Nov.-Dec. Sess., p. 70, ratified in 1954), exempts from taxation, the statute being an almost verbatim copy of the exemption clause of the Constitution. The property belonging to a religious institution which is exempt from taxation is described therein as follows: "Places of religious worship or burial, and all property owned by religious groups used only for single family residences and from which no income is derived . . . all intangible personal property owned by or irrevocably held in trust for the exclusive benefit of religious . . . institutions, no part of the net profit from the operation of which can enure to the benefit of any private person." The foregoing enumerates, defines, and clearly identifies the property, and the only property belonging to a religious institution that is exempted from taxation. This identification should not be allowed to become uncertain because of subsequent provisions in the law concerning income. All such later provisions must relate back to the enumerated exempted property and in no event be construed as introducing into the law additional property for exemption. We have in mind the following clause in both the statute and the Constitution: "provided the property so exempt be not used for the purpose of private or corporate profit and income, distributable to shareholders in corporations owning such property . . . and any income from such property is used exclusively for religious . . . purposes . . . and for the purpose of maintaining and operating such institutions; this exemption shall not apply to real estate or buildings other than those used for the operation of such institution and which is rented, leased or otherwise used for the primary purpose of securing an income thereon."

We think that the excerpts quoted from the statute should reveal that only the properties enumerated are exempt from taxes, and that all references to income relate solely to such exempted property. This fact is spelled out in a portion of the last above-quoted excerpt, such portion being: "this exemption shall not apply to real estate or buildings other than those used for the

operation of such institution and which is rented, leased or otherwise used for the primary purpose of securing an income thereon."

This unambiguous language means that, if the property is used primarily for either profit or purposes other than the operation of the institution, it is not exempt from taxes. The fact that the property is used to make profit which will in turn be given or used by the church for church purposes in no degree confers tax exemption thereupon. This would subject to ad valorem taxation, since not coming under the exemption, the following items of property belonging to the church and involved in this case, to wit: (1) apartment buildings on Central Avenue; (2) property formerly used as a dining hall but now as an apartment rented to a widow who sometimes pays rent; (3) lot and dwelling house on Francis Street, rented sometimes to a widow who sometimes pays rent when and if she can. But the restaurant, located in the main church building on Central Avenue, being a part of the church and used primarily for church purposes, though secondarily to feed some people for pay, if able, and without charge if unable to pay, comes within the exemption conferred by law, and the verdict as to this tract is contrary to the evidence. Consequently, the first three items above listed are subject to taxes, and the evidence demanded the verdict to that effect. The fourth item is exempt and the evidence demanded a verdict so exempting it. In this situation, where the evidence demanded certain verdicts, alleged errors in the charge or failure to charge are immaterial, and no rulings on the special grounds raising such questions will be made, as the result could not be changed by such rulings. Therefore, the judgment denying the amended motion for a new trial is affirmed with direction that the verdict be modified to provide that the restaurant in the main church building be not subject to taxation, and final judgment be entered subjecting the first three items listed above to taxation, and exempting the fourth from taxation. *Code* §§ 70-102, 110-112; *Scott v. Winship*, 30 Ga. 879; *Summerville Macadamized &c. Road Co. v. Baker*, 70 Ga. 513 (3); *Love v. National Liberty Ins. Co.*, 157 Ga. 259 (121 S. E. 648); *Reserve Life Ins. Co. v. Gay*, 214 Ga. 2 (102 S. E. 2d 492); *New York Life Ins. Co. v. Watson*, 48 Ga. App. 211 (172 S. E. 602).

*Judgment affirmed with direction. All the Justices concur.*