44368. PEACHTREE ON PEACHTREE INN, INC. v. CAMP, Commissioner, et al.

ARGUED APRIL 7, 1969—DECIDED SEPTEMBER 4, 1969—
REHEARING DENIED SEPTEMBER 30, 1969—

*Poole, Pearce & Cooper, John J. Poole, Edwin Pearce, George V. Boyd, King & Spalding, John Izzard, Daniel J. O'Connor, Jr.,* for appellant.

*Harold Sheats, J. C. Murphy, Charles M. Lokey,* for appellees.

*Eugene T. Branch, Richard A. Allison, Nall, Miller, Cadenhead & Dennis, Edward S. White, Haas, Holland, Freeman, Levison & Gibert, Hugh W. Gibert,* amicus curiae.

QUILLIAN, Judge. *Code Ann.* § 92-201 (Ga. L. 1943, p. 348; 1946, p. 12; 1947, p. 1183; 1955, pp. 262, 263; 1965, pp. 182, 183), provides in part: "The following described property shall be exempt from taxation, to wit: . . . all institutions of purely public charity; . . . provided the property so exempted be not used for the purpose of private or corporate profit and income, distributable to shareholders in corporations owning such property or to other owners of such property, and any income from such property is used exclusively for . . . charitable purposes, . . . and for the purpose of maintaining and operating such institutions; this exemption shall not apply to real estate or buildings other than those used for the operating of such institution and which is rented, leased or otherwise used for the primary purpose of securing an income thereon." See Georgia Constitution, Art. VII, Sec. I, Par. IV, as amended (*Code Ann.* § 2-5404).

The question for determination is whether the appellant qualifies for tax exemption under the provisions of the above statute. To meet the criterion the institution must be purely charitable and public. "A familiar meaning of the word 'charity' is almsgiving, but as used in the law it may include 'substantially any scheme or effort to better the condition of society or any considerable part of it.' Wilson v. Independence First National Bank, 164 Iowa 402, 412 (145 NW 948, AC 1916D, 481). ' "Charity," as used in tax exemption statutes, is not restricted to the relief of the sick or indigent, but extends to other forms of philanthropy or public beneficence, such as practical enterprises for the good of humanity, operated at moderate cost to the beneficiaries, or enterprises operated for the general improvement and happiness of mankind.' 61 CJ 455, § 505." *Sharpe v. Central Ga. Council, B. S. A.,* 185 Ga. 813 (196 SE 762, 116 ALR 373).

The appellees contend that the appellant is not a purely public charity because the residents are required to pay a monthly rental. In the appellant's statement of facts, agreed to by the appellees, it states: "In July, 1968, through the continuing generosity of the foundation, it became possible for appellant to fully effectuate this policy by accepting otherwise qualified residents who were unable even to make the minimum monthly payments established by the inn, even though, as indicated, these minimum payments fell far short of defraying a resident's pro-rata cost of operating the inn. In keeping with this new capability two persons had already been accepted on a substantially reduced payment basis by July 26, 1968."

The fact that the residents are charged a rental toward the expenses of operating the inn would not destroy the charitable nature of the institution. *Brewer v. American Missionary Assn.,* 124 Ga. 490 (52 SE 804); *Williamson v. Housing Authority of Augusta,* 186 Ga. 673, 690 (199 SE 43). It should be noted that payments made by the residents plus the store rentals have been insufficient to cover the direct operating expenses of the inn. All income is used for the operation, maintenance and enlarging the facilities with no part of its income being distributed to any person with an interest therein.

It is also contended that the inn is not public because the residents must meet certain qualifications before they are eligible to be admitted. With this contention we do not agree. The requirements are that the residents must be at least 60 years of age, of good moral character, ambulatory and must pass a medical examination. While the inn is not open to the whole public it is open "to the whole of the classes for whose relief they are intended or adapted." *Trustees, Academy of Richmond County v. Bohler,* 80 Ga. 159, 161 (7 SE 633); *Tharpe v. Central Ga. Council, B.S.A.,* 185 Ga. 810, 816, supra.

The case sub judice is distinguishable from *Georgia Osteopathic Hospital v. Alford,* 217 Ga. 663 (124 SE2d 402); *United Hospitals Service Assn. v. Fulton County,* 216 Ga. 30 (114 SE2d 524); and *Camp v. Fulton County Medical Society,* 219 Ga. 602 (135 SE2d 277), cited by the appellee. In the *Georgia Osteopathic Hospital* case, the facts revealed that the hospital

was operated primarily for a profit from which the doctors benefited. The *United Hospitals Service Assn.* case held that it was not public because only those who bought a policy would receive any benefits, and only such benefits as were paid for by the premium with no free or extra service regardless of the circumstances. The Supreme Court held the Fulton County Medical Society building was taxable because the purpose of the society was for the improvement of the medical profession which only incidentally benefited the public.

In the present case the facts disclose that the inn's objective is to house, feed and care for aged men and women who otherwise could not afford adequate facilities and to provide for their physical, mental and spiritual welfare. As is stated in Bozeman Deaconess Foundation v. Ford, 151 Mont. 143, 148 (439 P2d 915): "The concept of charity is not confined to the relief of the needy and destitute, for 'aged people require care and attention apart from financial assistance, and the supply of this care and attention is as much a charitable and benevolent purpose as the relief of their financial wants.'"

Since the appellant is a purely public charity and meets the requirements of *Code Ann.* § 92-201, that portion of the property which is being used as a home for the aged is tax exempt. However, that part of the building consisting of two retail stores which are leased would not be tax exempt. The area where the stores are located is being used to gain rental and not for the primary purpose of operating the inn. *Church of God v. City of Dalton,* 216 Ga. 659 (119 SE2d 11).

The appellees' motion for a summary judgment prayed that the entire property located at 176 Peachtree Street, N. W., be declared subject to ad valorem taxation. The granting of the motion was error.

2. The appellant also enumerated as error the trial judge's failure to grant its motion for summary judgment. However, due to the fact that there was no certificate of the trial judge allowing an appeal of the refusal to grant the motion for summary judgment, this court is without authority to review such ruling. *Code Ann.* § 81A-156 (h) (Ga. L. 1966, pp. 609, 660; 1967, pp. 226, 238) provides: "an order denying summary judg-

ment is not subject to review *by direct appeal or otherwise,* unless within 10 days of the order of denial the trial judge certifies that the order denying summary judgment as to any issue or as to any party should be subject to review." *Moulder v. Steele,* 118 Ga. App. 87 (3) (162 SE2d 785).

*Judgment reversed. Bell, P. J., Jordan, P. J., Hall, Pannell, Deen and Whitman, JJ., concur. Felton, C. J., and Eberhardt, J., dissent.*

FELTON, Chief Judge, dissenting. In my opinion the facts of this case bring it squarely within the decision of the Supreme Court of Georgia in *United Hospitals Service Assn. v. Fulton County,* 216 Ga. 30 (114 SE2d 524). Under the facts of this case and under said decision of the Supreme Court the appellant here is not a pure charity or a purely public charity within the constitutional provisions of *Code Ann.* § 2-5404.

I am authorized to state that Judge Eberhardt concurs in this dissent.