44738. CENTRAL BOARD ON CARE OF JEWISH AGED, INC. v. HENSON et al.

ARGUED SEPTEMBER 12, 1969—DECIDED OCTOBER 22, 1969—REHEARING DENIED NOVEMBER 12, 1969—

*Nall, Miller, Cadenhead & Dennis, Edward S. White, Haas, Holland, Freeman, Levison & Gibert, Hugh W. Gibert, Eplan & Young, Samuel L. Eplan,* for appellant.

*Harold Sheats, J. C. Murphy, Charles M. Lokey,* for appellees.

QUILLIAN, Judge. ■ For the appellant to be tax exempt it must be purely charitable and public. *Code Ann.* § 92-201 (Ga. L. 1943, p. 348; 1946, p. 12; 1947, p. 1183; 1955, pp. 262, 263; 1965, pp. 182, 183). See *Code Ann.* § 2-5404 (Ga. Const., Art. VII, Sec. I, Par. IV. "A familiar meaning of the word 'charity' is almsgiving, but as used in the law it may include 'substantially any scheme or effort to better the condition of society or any considerable part of it.' Wilson v. Independence First National Bank, 164 Iowa 402, 412 (145 NW 948, AC 1916D, 481). 'Charity, as used in tax exemption statutes, is not restricted to the relief of the sick or indigent, but extends to other forms of philanthropy or public beneficence, such as practical enterprises for the good of humanity, operated at moderate cost to the beneficiaries, or enterprises operated for the general improvement and happiness of mankind.' 61 CJ 453, § 505." *Tharpe v. Central Ga. Council, B. S. A.,* 185 Ga. 810, 813 (196 SE 762, 116 ALR 373).

The appellees contend that the home is not public because the applicants must meet certain requirements before they may be admitted. It is true that the requirements for admission limited the class of people who might enjoy the benefits of the home; however, to qualify as public it is not necessary that the home be open to the entire public. It is sufficient that it be

open to the classes for whose relief it was intended. *Trustees of the Academy of Richmond County v. Bohler,* 80 Ga. 159 (7 SE 633); *Tharpe v. Central Ga. Council,* 185 Ga. 810, supra. The requirements for admission in the case sub judice were not such as prevented the home from qualifying as public.

Neither would the fact that the residents paid rent according to their ability destroy the charitable nature of the institution. *Brewer v. American Missionary Assn.,* 124 Ga. 490 (52 SE 804); *Williamson v. Housing Authority of Augusta,* 186 Ga. 673 (199 SE 43); *Elder v. Henrietta Egleston Hospital,* 205 Ga. 489, 492 (53 SE2d 751). In the present case it was shown that in 1967, which was stated to be typical of the monthly amounts paid by the residents, more than 50% of the residents paid less than maximum and of the 61 residents 11 paid nothing. The record further reveals that the payments made by the residents have been insufficient to cover the cost of the direct operating expenses of the home and the deficit was made up by contributions.

The purpose of the home is to care for the aged and provide for their physical and mental welfare. As is stated in Bozeman Deaconess Foundation v. Ford, 151 Mont. 143, 148 (439 P2d 915): "The concept of charity is not confined to the relief of the needy and destitute, for 'aged people require care and attention apart from financial assistance, and the supply of this care and attention is as much a charitable and benevolent. purpose as the relief of their financial wants.' "

The appellant is a purely public charity and as such the property is tax exempt; therefore the granting of the appellees' motion for summary judgment was error. *Peachtree on Peachtree Inn, Inc. v. Camp,* 120 Ga. App. 403 (170 SE2d 709).

2. The appellant also enumerated as error the trial judge's failure to grant its motion for summary judgment. However,. due to the fact that there was no certificate of the trial judge allowing an appeal of the refusal to grant the motion for summary judgment this court is without authority to review such ruling. *Code Ann.* § 81A-156 (h) (Ga. L. 1966, pp. 609, 660; 1967, pp. 226, 238) provides: "An order granting summary judgment on any issue, or as to any party, shall be subject to

review by appeal; but an order denying summary judgment is not subject to review by direct appeal or otherwise, unless within 10 days of the order of denial the trial judge certifies that the order denying summary judgment as to any issue or as to any party should be subject to review, in which case such order shall be subject to review by direct appeal."

*Judgment reversed. Pannell, J., concurs. Evans, J., concurs specially.*

EVANS, Judge, concurring specially. In *Fife v. Johnston*, 225 Ga. 447 (169 SE2d 189), it appears that the right of appeal is not absolute but is based upon the conditions imposed by the General Assembly under its power to "prescribe conditions as to the right of a party litigant to have his case reviewed by the Supreme Court or Court of Appeals." *Code Ann.* § 2-3704; Const. of 1945. With the creation of the Court of Appeals as composing nine judges by Georgia Laws 1961, pp. 140-142, whereby *Code Ann.* §§ 24-3501, 24-3502, were amended, under the authority of the General Assembly to add additional judges as stated in the Constitution of 1945, *Code Ann.* § 2-3708, and providing for three divisions of three judges each, and as to when all members of the court shall sit as one court, it appears that the concurrence of five judges—that is when the court sits as one court en banc—shall "overrule any previous decision by any division alone in the same manner as now prescribed for the Supreme Court," and a decision by such entire court with only a majority concurring shall take precedence over a decision by any division. See *Godby v. Hein*, 107 Ga. App. 481, 483 (130 SE2d 511). Therefore, pretermitting the question of whether or not the legislature under the separation of powers doctrine has the power and authority to say how this court shall operate and what decisions become binding authority upon the judges as shown above, I am bound by the decision in *Peachtree on Peachtree Inn, Inc. v. Camp*, 120 Ga. App. 403 (170 SE2d 709), wherein the same question has been raised and passed upon with seven judges concurring and two dissenting. I therefore specially concur in this decision.