25735. FERGUSON v. LEGGETT, Commissioner, et al.
25753. JEKYLL ISLAND STATE PARK AUTHORITY v. FERGUSON et al.

ARGUED APRIL 13, 1970—DECIDED MAY 7, 1970.

*Alaimo, Taylor & Bishop, A. Blenn Taylor, Jr.*, for Ferguson.

*Nightingale, Liles & Dennard, Edward B. Liles*, for Leggett et al.

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Alfred L. Evans, Jr., Larry D. Ruskaup, Assistant Attorneys General*, for Jekyll Island Authority.

ALMAND, Chief Justice. These appeals are from an order refusing to grant an interlocutory injunction.

The complaint and issues as raised by the pleadings and evidence as they stood at the time of the hearing made the following case: Petitioner James Ferguson, Jr., a resident of Jekyll

Island, a part of Glynn County, sought to enjoin the county from levying or collecting any taxes from the plaintiff arising out of taxation of property located on Jekyll Island and owned by the plaintiff, the real property owned by the plaintiff being a lease for 30 years from the Jekyll Island State Park Authority, the said Authority having acquired said island under a 99-year lease from the State Parks Authority, an agency of the State.

The complaint also asserted that Glynn County and its county police department are enforcing the police power of Glynn County on Jekyll Island, when any and all police authority is, by virtue of Section 14 of the Act creating Jekyll Island State Park Authority (Ga. L. 1950, p. 152; *Code Ann.* § 43-614a), vested in Jekyll Island State Park Authority. It also prayed that the defendant Chief of the Glynn County Police Department be restrained from exercising any and all police powers on Jekyll Island.

Glynn County and its officials filed defensive pleadings. Jekyll Island State Park Authority filed its answer in which it alleged that it had no interest in the controversy as to the right of the county to tax the plaintiff's leasehold interest, but asserted that by virtue of Section 14 of the Act of 1950, all police powers were vested in the Jekyll Island Authority.

After a hearing the court denied the complainant's prayers for an interlocutory injunction.

Notice of appeal was filed by Ferguson and the Jekyll Island State Park Authority. The latter, in its enumeration of error, asserts that the court erred in holding that the county police of Glynn County possessed lawful authority to enforce the laws of Georgia on Jekyll Island.

We affirm the order of the trial court.

■ The fee to Jekyll Island is vested in the State of Georgia. The complaining taxpayer possesses an interest in the parcel of real estate on the island by virtue of a lease for 30 years from the Jekyll Island State Park Authority, which has a leasehold interest of 99 years from the State Park Authority.

Though the ownership of Jekyll Island as to the fee is in the State of Georgia, a leasehold, being an interest in the land less

than the fee, is classified for tax purposes as realty under *Code Ann.* § 92-114 and the owner of such leasehold is required by *Code Ann.* § 92-104 to return it for taxes and pay taxes on it as other property. *Delta Airlines v. Coleman,* 219 Ga. 12 (1) (131 SE2d 768). See also, *State v. Davison,* 198 Ga. 27 (2) (31 SE2d 225); and *Henson v. Ga. Industrial Realty Co.,* 220 Ga. 857 (5) (142 SE2d 219).

Ferguson's leasehold interest is subject to taxation by Glynn County.

■ Under Art. VII, Sec. IV, Par. I of the 1945 State Constitution (*Code Ann* § 2-5701), the General Assembly was given the power to delegate to any county the right to levy a tax to pay county police, and under *Code Ann.* § 92-3701 (8), county taxes may be levied to pay county police.

■ Section 14 of the Act creating the Jekyll Island State Park Authority (Ga. L. 1950, p. 152; *Code Ann.* § 43-614a) provides: "The Authority is empowered to exercise such of the police powers of the State as may be necessary to maintain peace and order and to enforce any and all zoning, user, and personal conduct restrictions upon the properties and facilities and the persons under its jurisdiction to the extent that such is lawful under the laws of the Nation and the State; however, the authority may delegate all or any part of performance of this function for a time or permanently to the State and/or the county in which the park is located."

The appellants contend that this section gives to the Authority *exclusive* police power, including law enforcement on Jekyll Island.

With this contention we do not agree. Section 14 of the Act does not by its express terms or by implication, grant exclusive power to exercise all police powers over Jekyll Island, or prohibit the Glynn County police from exercising police power, law enforcement, and arrest of those offending the criminal laws of the State as is granted to them by a general law (*Code* § 23-1403, as amended by Ga. L. 1961, p. 217), which provides: "Said county police shall each of them have under the direction and control of the commissioners or ordinaries the same power to make arrests and to execute and return all criminal warrants

and processes, in the county of their election or appointment only, as sheriffs now have; and shall, under the same directions and authority, have all the powers of sheriffs as peace officers in the county of their election or appointment."

If we were to construe Section 14 of the 1950 Act as a special law as contended by the appellants, such section would be violative of Art. I, Sec. IV, Par. I, of the State Constitution, since *Code* § 23-1403, as amended, is a general law. Under our construction of Section 14, we do not reach this constitutional question.

The court did not err in denying the prayers of Ferguson for an interlocutory injunction.

*Judgment affirmed on both appeals. All the Justices concur.*