68749. PAULK v. CAROLINA EASTERN, INC.
(324 SE2d 527)

McMurray, Chief Judge.

This case involves a suit on open account. Plaintiff Carolina Eastern, Inc. contends that the defendant Fred Paulk is indebted to it in the amount of $6,662.63, as more fully shown on the statement of account attached listing certain invoices, payments and finance charges.

The defendant answered denying the complaint, admitting only jurisdiction.

Plaintiff moved for summary judgment based upon an affidavit of plaintiff's vice president and credit officer who deposed that during the year 1981 the corporation had purchased the assets of Agrico, Inc. which included the account of the defendant. He then proceeds to outline the attached invoices of Agrico, Inc., its business records and now the business records of the plaintiff, contending certain invoices were signed by the defendant with reference to products purchased including a return and credit and payment, as well as a credit application and agreement signed allegedly by the defendant authorizing finance charges as applied to the account at the rate of 18% per annum on the unpaid balance; and that the account is delinquent, in default, and justly due and owing.

In opposition to the motion the defendant again denied in an affidavit that he was indebted to the plaintiff in the amount claimed. Further, he deposed that he had examined the signatures contained in the invoices attached to the support affidavit of the plaintiff and

these are not his signatures nor has he authorized anyone to sign in his behalf as to said invoices. He also deposed that the signatures appear to be signatures of plaintiff's agents and he did not authorize plaintiff's agents to sign their names to any of the attached exhibits. The motion came on for hearing and the trial court granted judgment in favor of the plaintiff, contending that the defendant's answer and affidavit amounted to a mere general denial and the affidavit of plaintiff's credit officer prima facie established the plaintiff's contention, the defendant failing to set forth specific facts showing there was a genuine issue of material fact for trial, citing *Young v. Climatrol Southeast Distrib. Corp.*, 141 Ga. App. 235 (233 SE2d 54); *Concept-Nat. v. DiMattina Supply Co.*, 147 Ga. App. 865 (250 SE2d 552); and *Gregory v. Vance Publishing Corp.*, 130 Ga. App. 118, 121 (7) (202 SE2d 515). Defendant appeals. *Held*:

The trial court bases its judgment upon the cases cited that if the defendant did not order or receive the merchandise then it was incumbent upon him to set forth specific facts showing there is a genuine issue for trial; hence, the plaintiff was entitled to summary judgment. We do not agree. We first note that the credit officer merely states in his affidavit that the invoices upon which he relies were purchased from another corporation, and we do not have an affidavit of anyone involved in the business records of that corporation. We also note that the credit officer states in his affidavit with reference to the invoices of the other corporation that they were signed by the defendant. Our examination of the same invoices in the record shows that not all of the invoices were actually signed by the defendant, and the defendant specifically denies that he signed any of these exhibits. Whether or not the evidence as presented at a trial would be sufficient for the fact finder to make a determination in favor of the plaintiff we do not have to decide. We do find from the facts that the plaintiff is basing its case upon business records of another corporation it had purchased, and the defendant has denied the indebtedness in the amount claimed although he does not specifically deny the account or having such an account or having received any merchandise although denying the execution of the credit application and agreement. Further, the finance charges shown thereon are based upon OCGA § 7-4-16 wherein the owner of a commercial account may charge interest on the unpaid portion of a commercial account which has been due and payable for 30 days or more "at a rate not in excess of 1-½ percent per month calculated on the amount owed from the date upon which it became due and payable until paid." This statute also provides that unless otherwise provided in writing signed by the obligor, a commercial account becomes due and payable upon the date a statement of the account is rendered to the obligor and further defines a commercial account as being an obligation for the payment

of money arising out of the sale of or the furnishing of goods or services other than a retail installment transaction as defined by law. It appears that the defendant is a farmer from the farmer credit application and agreement allegedly signed by the defendant, which he specifically denies signing in his affidavit, and this is the only evidence which might reflect that this is a commercial account rather than a retail installment transaction. The affidavit of the plaintiff's officer fails to establish this to be a commercial account authorizing the charge of finance charges calculated at the rate of 18% per annum on the unpaid balance, construing the pleadings and the evidence more strongly against the plaintiff as we must in consideration of a motion for summary judgment and giving the opposing party (the defendant in the case sub judice) the benefit of all reasonable doubts and all favorable inferences that may be drawn from the evidence. Thus, genuine issues of material fact remain for jury determination, and the trial court erred in granting summary judgment to the plaintiff. See in this connection *Holland v. Sanfax Corp.*, 106 Ga. App. 1 (1), 4 (126 SE2d 442); *Scales v. Peevy*, 103 Ga. App. 42 (3), 47 (118 SE2d 193); *McCarty v. Nat. Life &c. Ins. Co.*, 107 Ga. App. 178 (129 SE2d 408); *Burnette Ford, Inc. v. Hayes*, 227 Ga. 551 (181 SE2d 866); *Combs v. Adair Mtg. Co.*, 245 Ga. 296 (264 SE2d 226).

*Judgment reversed. Deen, P. J., and Sognier, J., concur.*

DECIDED NOVEMBER 20, 1984.

*Douglas W. Mitchell III*, for appellant.
*Benjamin M. Garland*, for appellee.