70049. PAYNE v. DIXIE ELECTRIC COMPANY.
70050. HARPER v. DIXIE ELECTRIC COMPANY.
(330 SE2d 749)

DEEN, Presiding Judge.

Appellants Payne and Harper filed separate actions below, seeking to compel their former employer, appellee Dixie Electric Company (Dixie), to pay certain sums allegedly owed them; namely, the funds withheld by the employer for federal income tax purposes. Dixie answered, denying that any sums were owing; the parties subsequently filed cross motions for summary judgment, and the United States filed an *amicus curiae* brief. The trial court, holding that the two cases presented the same question of law, entered an order denying plaintiffs' motions for summary judgment and granting those of defendant/appellee. Payne and Harper appeal, enumerating as error the trial court's rulings on the motions for summary judgment. This court has considered the two cases together. *Held*:

OCGA § 9-11-56 (c) provides that on motions for summary judgment by either party, "[t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law . . ." Subsection (e) further provides: "When a motion for summary judgment is made and supported as provided in this Code section, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response . . . must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

Our scrutiny of the records in these cases persuades us that, judged by the statutory standards cited supra, appellee Dixie has carried its burden, both as movant and as respondent, of demonstrating the absence of genuine issues of material fact. Moreover, Dixie has conclusively negated an essential element of appellants' case; that is, that Dixie is indebted to appellants. *Moss v. Central of Ga. R. Co.*,

135 Ga. App. 904 (219 SE2d 593), cert. den. 425 U. S. 907 (96 SC 1501, 47 LE2d 758) (1975). It is well settled, of course, that an employer is not only authorized but required to withhold federal income taxes from his employees' pay. See 26 USC §§ 3102, 3402, 3403, 7202. Appellants acknowledge that this is the only sum in contention.

On the other hand, the record shows that appellants have failed to demonstrate in connection with their own motions that the facts were such as to make summary judgment in their favor appropriate as a matter of law; and, in response to Dixie's motion, have failed to demonstrate the existence of a genuine issue of material fact which would preclude summary judgment for Dixie. See, e.g., *Prudential Property &c. Ins. Co. v. Pritchett*, 169 Ga. App. 564 (313 SE2d 706) (1984). The trial court did not err in granting summary judgment to appellee and in denying the motions of appellants.

Appellee has filed a motion for imposition upon each appellant of a penalty for filing a frivolous appeal pursuant to Court of Appeals Rule 26 (b). We hereby grant the motion and order that each of the two appellants be assessed a penalty of $250, as authorized by Rule 26 (b).

*Judgment affirmed. Pope and Beasley, JJ., concur.*

DECIDED APRIL 9, 1985 —
REHEARING DENIED APRIL 19, 1985 —

*J. Eugene Wilson*, for appellants.
*Kirby G. Atkinson*, for appellee.