### 71622. MACK v. SMITH et al.
(344 SE2d 474)

POPE, Judge.

Plaintiff/appellant Ronald M. Mack brought this action for damages against defendants/appellees Earl L. Smith and S & T Cordage Company. The basis of plaintiff's suit was the alleged violation of unspecified state and federal securities laws and fraud. Pursuant to OCGA § 9-11-12 (b) (6) defendants timely filed a pre-answer motion to dismiss. At the first scheduled hearing on the motion, plaintiff objected to proceeding on the ground that counsel for defendants had not filed an entry of appearance pursuant to Uniform Superior Court (USC) Rule 4.2. Plaintiff argued that defendants' motion was not a "pleading" which would suffice under the rule as an alternative to filing an entry of appearance form. The trial court directed counsel for defendants to file an entry of appearance form instanter and adjourned the hearing until the next day. On that day the trial court entertained defendants' motion to dismiss over plaintiff's objection that same was premature, having been filed prior to the entry of appearance, and subsequently ordered it be granted. Plaintiff brings this appeal pro se from the entry of that order.

1. We find as a matter of law, common practice, and common sense that defendants' pre-answer motion in this case is a "pleading" within the contemplation of USC Rule 4.2. This "pleading" contained all the information required by the rule to constitute an entry of appearance. See generally OCGA § 9-11-7 (b) (2). We thus find plaintiff's first two enumerations of error asserting non-compliance with the rule to be entirely devoid of merit.

2. The record affirmatively discloses that defendants' motion was in full compliance with statutory notice and time requirements. See OCGA §§ 9-11-6 (d) and 9-11-12 (b) and (d). Also, plaintiff has shown no prejudice in the trial court's entering its order before the expiration of the 30-day period allowed by USC Rule 6.2 for the filing of his brief in response to the motion. See *Cel-Ko Bldrs. &c. v. BX Corp.*, 136 Ga. App. 777 (1) (222 SE2d 94) (1975). In any event, the record indicates that both parties appeared before the court and argued the motion without objection as to time. No complaint may now be made as to the timeliness of the hearing. See *Connell v. Connell*, 119 Ga. App. 485 (4) (167 SE2d 686) (1969).

3. We find plaintiff's argument that the trial court committed error by holding an oral hearing without a written request therefore pursuant to USC Rule 6.3 to be entirely specious. The notice of the motion to plaintiff indicated that it would be brought "for hearing" before the judge. In any event, as in the preceding division of this opinion, in the absence of an objection on this ground in the court below, this argument provides no basis for reversal on appeal.

4. As to the merits of plaintiff's complaint, we adopt the holding of the trial court which found that "assuming for purposes of the Motion that all allegations of such Complaint as amended were true; and it appearing from the complaint as amended that Plaintiff made no purchase of the securities or investment contracts offered to him by Defendants, and that he therefore lacks standing to sue under OCGA § 10-5-14 (a) and it further appearing from the Complaint as amended that Plaintiff has [pled] no special damages and that said Complaint as amended discloses no invasion of Plaintiff's person or property by the Defendants which is legally sufficient to sustain an award of general or nominal damages, and that Plaintiff has therefore failed to state a claim for common law fraud upon which relief can be granted." As to plaintiff's fraud claim, see generally *Foster v. Sikes,* 202 Ga. 122 (42 SE2d 441) (1947). Plaintiff's lack of purchase of the securities or investment contracts here also deprives him of standing under federal securities laws. *Blue Chips Stamps v. Manor Drug Stores,* 421 U. S. 723 (95 SE 1917, 44 LE2d 539) (1975). On the basis of the record in the case at bar, the holdings of this court in *Ackley v. Strickland,* 173 Ga. App. 784 (328 SE2d 549) (1985), and *Bradley v. Godwin,* 152 Ga. App. 782 (3) (264 SE2d 262) (1979), do not require a result different from that reached by the trial court.

5. We find no reasonable basis for plaintiff to have anticipated reversal for any reason assigned by him on appeal. We thus find this appeal to be frivolous and impose a penalty of $500 upon plaintiff in favor of defendants pursuant to Court of Appeals Rule 26 (b). The trial court is directed to enter a judgment accordingly. See *Blount v. Moore,* 175 Ga. App. 288, 292 (333 SE2d 167) (1985); *Sundance, Inc. v. Guy,* 174 Ga. App. 792 (3) (331 SE2d 102) (1985); *Payne v. Dixie Elec. Co.,* 174 Ga. App. 610, 611 (330 SE2d 749) (1985).

*Judgment affirmed with penalty. McMurray, P. J., and Carley, J., concur.*

DECIDED APRIL 7, 1986.

Ronald M. Mack, *pro se.*
Marcus B. Calhoun, Jr., for appellees.