71703. DOUGLAS COUNTY et al. v. ANNEEWAKEE, INC. et al.
(346 SE2d 368)

SOGNIER, Judge.

Anneewakee, Inc. and Anneewakee Estates, Inc. filed an appeal to the Superior Court of Douglas County from the decision of the Douglas County Board of Tax Assessors, affirmed by the Douglas County Board of Equalization, determining that they were not exempt from property ad valorem taxation. The trial court granted the motion for summary judgment made by Anneewakee, Inc., granted partial summary judgment in response to the motion made by An-

neewakee Estates, Inc. and denied the motion for summary judgment made on behalf of Douglas County and both Boards. This appeal ensued.

The trial court found that Anneewakee, Inc. (appellee) is a Georgia nonprofit corporation which operates a psychiatric care hospital, specializing in "last resort" help for children who are emotionally disturbed or alcohol or drug dependent. In appellee's treatment course, a child is first admitted on an in-patient hospital status for some six weeks after which the child is entered, through a system of individualized treatment, into a therapeutic camping setting where a small number of children, with adequate support personnel counselors, completely construct a living mode in a camping environment. The child thereafter earns the right to go to school and to live indoors. Appellee is licensed as a hospital by the Georgia Department of Human Resources, is a hospital accredited by the Joint Commission on Association of Hospitals, and is a member of the American Hospital Association as a Georgia hospital. Appellee is also licensed as a tax exempt corporation by the Internal Revenue System. From these and other facts, the trial court concluded that appellee is entitled to exemption from property ad valorem taxation under OCGA § 48-5-41 (a) (5).

Appellee owns part of the acreage used by its facility; the remaining property is leased by appellee from appellee Anneewakee Estates, Inc. ("AE"), a Georgia profit corporation, under a long-term lease which expires in the year 2020. The trial court determined that appellee's leasehold constituted an estate for years under *Delta Air Lines v. Coleman*, 219 Ga. 12 (1) (131 SE2d 768) (1963), and, accordingly, was not subject to taxation. The trial court granted partial summary judgment to AE on the issue of the tax exempt status of the leasehold but remanded the case to appellant Board of Equalization for determination of the taxable value of AE's remainder interest in the rented property.

1. Appellants' contention that the trial court erred by granting summary judgment to appellee, granting partial summary judgment to AE, and denying appellants' motion for summary judgment is based on appellants' construction of two interrelated statutes, OCGA § 48-5-40 (5) and OCGA § 48-5-41 (a) (5). OCGA § 48-5-40 (5) includes "nonprofit hospitals" among its definition of institutions or hospitals which "may have incidental income from paying patients when the income, if any, is devoted exclusively to the charitable purpose of caring for patients who are unable to pay and to maintaining, operating, and improving the facilities of such institutions and hospitals, and when the income is not directly or indirectly for distribution to shareholders in corporations owning such property or to other owners of such property." OCGA § 48-5-41 exempts such institutions of

purely public charity from property ad valorem taxation in subsection (a) (4), but the statute was amended in 1973 to provide a further exemption for "all property of nonprofit hospitals" meeting certain enumerated requirements. OCGA § 48-5-41 (a) (5). Appellants argue that because nonprofit hospitals are included in the OCGA § 48-5-40 (5) definition, all nonprofit hospitals claiming exemption from property ad valorem taxation pursuant to OCGA § 48-5-41 (a) (5) must not only meet the requirements of § 48-5-41 (a) (5) but must also qualify as "institutions of purely public charity" under § 48-5-40 (5) and case law construing that statute. An examination of the legislative history of § 48-5-41 (a) (5) fails to support appellants' arguments.

A resolution was passed by the General Assembly in 1972 proposing an amendment to the Georgia Constitution of 1945 in order to authorize the General Assembly to "exempt from ad valorem taxation property of nonprofit hospitals which is used in connection with the operation of the hospital; to limit said exemption to hospitals which have no stockholders and no income or profit which inures to the benefit of any private person and are subject to the laws regulating nonprofit or charitable corporations; to provide for the submission of this amendment for ratification or rejection. . . ." Ga. Laws 1972, p. 1555. Subsequent to the ratification of the 1972 amendment to the Georgia Constitution of 1945, Art. VII, Sec. I, Par. IV (originally codified in Code Ann. § 2-5404; 1976 revision, Code Ann. § 2-4604), the General Assembly implemented the exception for nonprofit hospitals, which is presently codified as OCGA § 48-5-41 (a) (5), stating as its purpose: "to exempt from ad valorem taxation the property of nonprofit hospitals used in connection with their operation, provided that such hospitals have no stockholders and no income or profit which is distributed to or for the benefit of any private person, and are subject to the laws of Georgia regulating nonprofit or charitable corporations; to waive the collection of ad valorem taxation on certain nonprofit hospital property; . . . to provide that the exemption herein granted is cumulative and not in derogation of relief granted by other laws; . . . to repeal conflicting laws. . . ." Ga. Laws 1973, p. 19.

"In all interpretations of statutes, the courts shall look diligently for the intention of the General Assembly, keeping in view at all times the old law, the evil, and the remedy." OCGA § 1-3-1 (a). All exemptions from taxation must be strictly construed in favor of taxing authorities and against the taxpayer, see *Cherokee Brick &c. Co. v. Redwine*, 209 Ga. 691, 693 (1) (75 SE2d 550) (1953), and an exemption will not be held to be conferred unless the terms under which it is granted clearly and distinctly show that such was the intention of the legislature. *Gold Kist v. Jones*, 231 Ga. 881, 885 (204 SE2d 584) (1974). Here, the General Assembly has clearly and distinctly conferred an exemption to nonprofit hospitals meeting the criteria set

forth in OCGA § 48-5-41 (a) (5), (b) and (c). We do not agree with appellants' construction of the statutes that a nonprofit hospital must meet the definition of OCGA § 48-5-40 (5) *before* it can qualify for an exemption under OCGA § 48-5-41 (a) (5). The exemption for certain qualifying nonprofit hospitals under OCGA § 48-5-41 (a) (5) is neither mutually exclusive of the exemption granted to nonprofit hospitals as institutions of purely public charity, nor is it coextensive with that exemption. Rather, the statutes overlap with the resultant possibility that property tax exemption status may be conferred upon a nonprofit hospital which qualifies under either statutory category or under both. We cannot accept appellants' interpretation of OCGA § 48-5-41 (a) (5) which would deem nonprofit hospitals qualifying under § 48-5-41 (a) (5) as a subclass wholly subsumed by the definition in § 48-5-40 (5). To construe OCGA § 48-5-41 (a) (5) in this manner would necessitate holding that the 1972 amendment to the State Constitution as implemented by OCGA § 48-5-41 (a) (5) was devoid of any independent legislative significance in that it would have accomplished nothing legislatively that had not already been achieved by the earlier enactment of OCGA § 48-5-40 (5) and OCGA § 48-5-41 (a) (4). The courts of this state will not assume that the Legislature intended any provision of a statute to be without meaning, *Cofer v. Gurley*, 146 Ga. App. 420, 422 (2) (246 SE2d 436) (1978), and therefore we find no error in the trial court's grant of summary judgment to appellee and denial of summary judgment to appellants on this issue.

2. Appellants' contentions that questions of fact exist whether appellee is entitled to property tax exemption revolve around their argument that appellee did not qualify as a nonprofit hospital under OCGA § 48-5-40 (5), which has been decided adversely to them in Division 1. However, in view of the fact that appellants, as respondents in a summary judgment proceeding, are entitled to have the facts viewed in a light most favorable to them, see *Hendrix v. First Nat. Bank*, 173 Ga. App. 513 (326 SE2d 489) (1985), we thus address those arguments alleging questions of fact as to matters applicable to appellee's status as a nonprofit hospital entitled to property tax exemption under OCGA § 48-5-41 (a) (5).

Appellants contend that questions of fact exist in regard to OCGA § 48-5-41 (b) and OCGA § 48-5-41 (a) (5) (A). Contrary to appellants' assertions, the fact that the children appellee accepts must meet certain requirements before they are eligible to be admitted and, thus, appellee's facility is not open to the whole public, does not disqualify appellee since it is uncontroverted that appellee "is open 'to the whole of the classes for whose relief they are intended or adapted.' [Cits.]" *Peachtree on Peachtree Inn v. Camp*, 120 Ga. App. 403, 410 (1) (170 SE2d 709) (1969). Appellants cite *Annandale at Su-*

*wanee v. Gwinnett County &c. Assessors*, 242 Ga. 241 (248 SE2d 640) (1978) for the proposition that, although it is uncontroverted no child has ever been turned away from appellee's facility for lack of funding, the fact that a monthly fee is being paid for each child (either by state and federal agencies or by the family of the child) means that appellee is not "sufficiently 'public' " in nature. Id. at 242. However, *Annandale at Suwanee* is distinguishable because there the Supreme Court was construing the term "public" as found in "institutions of purely *public* charity" in what is now OCGA § 48-5-40 (5) and was not addressing that term in connection with OCGA § 48-5-41 (b). The Supreme Court was careful to distinguish the holdings in *Camp*, supra, and *Central Bd. &c. Jewish Aged v. Henson*, 120 Ga. App. 627 (171 SE2d 747) (1969), on the basis that the facilities in issue there, as is the case with appellee's facility, "are now subject to a specific statutory exemption." *Annandale*, supra at 242. Therefore, we agree with the trial court's finding that no questions of fact exist that appellee is a nonprofit hospital open to the general public under OCGA § 48-5-41 (b). As to appellants' second argument, our review of the record likewise reveals no error in the trial court's determination that no question of fact exists that appellee has no income or property which is distributed to or for the benefit of any private person under OCGA § 48-5-41 (a) (5) (A).

"OCGA § 9-11-56 (c) provides that on motions for summary judgment by either party, '[t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law . . .' Subsection (e) further provides: 'When a motion for summary judgment is made and supported as provided in this Code section, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response . . . must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.' " *Payne v. Dixie Elec. Co.*, 174 Ga. App. 610 (330 SE2d 749) (1985). Our scrutiny of the record persuades us that, judged by the statutory standards cited above, appellee has carried its burden, both as movant and as respondent, of demonstrating the absence of genuine issues of material fact while appellants have failed to demonstrate in connection with their own motion that the facts were such as to make summary judgment in their favor appropriate as a matter of law. In response to appellee's motion, appellants have failed to demonstrate the existence of a genuine issue of material fact which would preclude summary judgment for appellee. *Payne*, supra. Therefore, the trial court did not err by granting summary judgment to appellee and by denying the motions of appel-

lants.

3. Appellants' final contention enumerates error in the trial court's holding that AE is exempt from ad valorem taxation to the extent of the leasehold held by appellee, thus granting partial summary judgment to AE and denying appellants' motion. A leasehold is an interest in the land less than the fee; it is severed from the fee and is classified for tax purposes as realty under OCGA § 48-5-3. See *Delta Air Lines*, supra; *Ferguson v. Leggett*, 226 Ga. 333, 334-335 (1) (174 SE2d 913) (1970); *Martin v. Liberty County &c. Assessors*, 152 Ga. App. 340, 341 (262 SE2d 609) (1979). (All cases decided under former Code Ann. § 92-104.) In *Delta Air Lines*, supra, the Supreme Court determined that when publicly owned property was leased to a private enterprise, the leasehold estate, having been severed from the fee, lost its tax exempt status and took on the private — and taxable — status of the lessee. Applying the principle of *Delta Air Lines* to the case sub judice, the trial court properly determined that the leasehold held by appellee, when severed from the private — and taxable — fee owned by AE, took on the tax exempt status of the holder of the leasehold; i.e., appellee. Therefore, the trial court correctly granted AE's motion for partial summary judgment by finding that AE is exempt from ad valorem taxation to the extent of the leasehold and properly denied appellants' motion for summary judgment on that issue. See *Payne*, supra.

The judgment of the trial court is affirmed.

*Judgment affirmed. Banke, C. J., and Birdsong, P. J., concur.*

DECIDED MAY 22, 1986 —
REHEARING DENIED JUNE 3, 1986 — ▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*W. O'Neal Dettmering, Jr.*, for appellants.
*Roy E. Barnes, Baxter L. Davis*, for appellees.
*Michael T. Petrik, Joseph E. Haynes, Byron Attridge, Jack Spalding Schroder, Jr., John L. Coalson, Jr.*, amici curiae.