### 73918. KING v. AMOCO OIL COMPANY.
(357 SE2d 291)

SOGNIER, Judge.

Amoco Oil Company brought a collection action against Nina Sue King on a commercial account for fertilizer. Amoco filed a motion to join King's husband as an additional party defendant, but he died before service on him was effected. The trial court granted Amoco's motion for summary judgment, and King appeals.

1. Appellant contends the trial court erred by granting summary judgment in favor of appellee because there remained genuine issues of material fact which required jury resolution as to her defensive allegations that she never contracted for or received any goods or services from appellee nor did she order or receive the fertilizer reflected on appellee's invoices. The record reveals that in support of its motion for summary judgment, appellee submitted the affidavit of Loretta Brown, its credit representative, who stated she was familiar with appellee's record keeping procedure, and that the business records attached to the affidavit correctly represented invoices for fertilizer sold and delivered to appellant. In opposition to the motion, appellant proffered her own affidavit, swearing she had never either

expressly or impliedly purchased or contracted for any merchandise or services from appellee, nor had she authorized anyone else to do so on her behalf. Appellant further swore that she neither was then, nor had she ever been, engaged in any business or commercial venture, including farming, and had never agreed to pay any commercial accounts for any other person. She further denied that the business records attached to Brown's affidavit pertained to her.

Viewing this conflicting evidence in the light most favorable to appellant as the nonmovant, see *Mallard v. Jenkins*, 179 Ga. App. 582 (347 SE2d 339) (1986), we agree with appellant that these opposing affidavits created a genuine issue of material fact as to whether appellant ever contracted for or received the goods or services for which appellee sought payment. Summary judgment on this issue was therefore improper. See *Paulk v. Car. Eastern*, 172 Ga. App. 669 (324 SE2d 527) (1984).

2. Appellant further contends that even if it is found that she is liable to appellee in some amount, a genuine issue of material fact remains for jury resolution as to the amount owed. Appellant argues that appellee failed to establish that the amount sued for is the correct amount owed. In her affidavit, appellant denied that the invoices reflect goods or services sold and delivered to her. Appellee has failed to pierce this allegation, in that it has shown no evidence that any goods or services were actually ordered by or delivered to appellant. Therefore, any amount owed must be determined by a jury at trial, and summary judgment on this issue was improper as well. See *Walker v. Modnar Corp.*, 178 Ga. App. 374, 376 (343 SE2d 148) (1986).

3. Appellee concedes that summary judgment in its favor was improper as to the issues considered in Divisions 1 and 2. Appellee argues, however, that appellant raised numerous other defenses to the action both in her answer and in the pretrial order, and that as to those other defenses, the trial court properly granted summary judgment in favor of appellee. Although appellant enumerated as error the grant of summary judgment in general, she presented argument and citations of authority only as to the issues discussed in Divisions 1 and 2 of this opinion. We agree with appellee that as to all other issues, the trial court's grant of summary judgment in favor of appellee was proper.

(a) Appellant's defense that appellee is unauthorized to transact business in Georgia was pierced by Brown in her affidavit stating that appellee is a Maryland corporation registered and authorized to do business in Georgia. In the absence of any evidence rebutting this assertion, the trial court properly granted summary judgment to appellee on this issue. OCGA § 9-11-56 (e). See *Douglas County v. Anneewakee, Inc.*, 179 Ga. App. 270, 274 (346 SE2d 368) (1986).

(b) Appellant's asserted defense that the interest charged by appellee was usurious is not meritorious. OCGA § 7-4-16 provides for a rate of interest of 1-½ percent per month on the unpaid balance in commercial accounts "[u]nless otherwise provided in writing signed by the obligor." It is uncontroverted that the invoices attached to the affidavit in support of appellee's motion for summary judgment provide for interest of 1-½ percent per month on the unpaid balance. It is thus clear as a matter of law that the interest charged by appellee was not usurious, and summary judgment was properly granted in favor of appellee on this issue.

(c) Appellant alleged as a defense that appellee had violated the Georgia Plant Food Act of 1970 (OCGA § 2-12-1 et seq.). OCGA § 2-12-1 et seq. sets forth a complex regulatory scheme which is administered by the Commissioner of Agriculture. OCGA § 2-12-3. Violations of the Act are criminal in nature and are to be referred to the courts by the Commissioner for prosecution. The only remedy available to a commercial purchaser of fertilizer is that set forth in OCGA § 2-12-15 (a), which provides for penalties to be paid to the purchaser for fertilizer which *has been found* by the Commissioner to be short in weight, *after administrative action*. The record reveals no showing by appellant that the fertilizer in question was short in weight, that administrative action was initiated by the Commissioner of Agriculture to make such a finding, or that a private right of action for violation of the statute exists apart from the regulatory scheme set up in the statute under the aegis of the Commissioner. We therefore agree with appellee that the trial court properly granted summary judgment in its favor as to this defense.

(d) Appellant alleged several defenses based on federal consumer protection statutes. The Truth-In-Lending Act, 15 USC § 1601 et seq., specifically exempts "[c]redit transactions involving extensions of credit primarily for business, commercial, or agricultural purposes" from its purview. 15 USC § 1603 (1), 12 CFR § 226.3 (a). Similarly, the Fair Debt Collection Practices Act, 15 USC § 1692 et seq., was intended to apply to debts arising out of transactions "in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes." 15 USC § 1692a (5). The transactions which form the subject of this action would therefore not be covered. See *Munk v. Fed. Land Bank*, 791 F2d 130, 132 (2) (10th Cir. 1986). Further, appellee was not attempting to collect another's debt and is therefore not a "debt collector" within the meaning of the statute. Id. 15 USC § 1692a (6) (A). Accordingly, summary judgment was properly granted in favor of appellee as to these defenses.

*Judgment affirmed in part and reversed in part. McMurray, P. J., and Beasley, J., concur.*

DECIDED MAY 11, 1987.

*Luman C. Earle*, for appellant.
*Ward Stone, Jr., James J. Fason III*, for appellee.