**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 12 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MARGARET D. EDWARDS,

      Plaintiff - Appellant,

v.

N. MARTIN STRINGER;
JEFFERSON I. RUST; MCKINNEY &
STRINGER, an Oklahoma
corporation; RON LUCAS; AMY
GRAY; JAMES SCARBOROUGH;
GINA FISHER; CHERYL
MUMFORD; STAGE STORES, INC.,
a Texas corporation; JOHN/JANE
DOES 1-12,

      Defendants - Appellees.

No. 03-2207
(D.C. No. 02-1443 BB/RHS)
(D. N.M.)

**ORDER AND JUDGMENT** *

Before **KELLY** , **BRISCOE** , and **LUCERO** , Circuit Judges.

      Margaret Edwards, proceeding pro se, appeals from the district court's

---

    * The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

dismissal of her civil rights claims for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we **AFFIRM**.

Edwards was interviewed and subsequently hired by Stage Stores, Inc., a private employer, for a supervisory position at the Bealls Department Store. Upon her arrival for work, she was asked to fill out a W-4 form.  Edwards initially refused to disclose her social security number, claiming that the social security system was voluntary and that she did not wish to participate.  When Edwards was informed that she could not work without a social security number, she agreed to disclose the number but refused to sign the W-4.  Edwards was terminated for refusal to sign the W-4, and this suit resulted.  Edwards sued Stage Stores, its employees, and the individual defendants' lawyers for alleged civil rights violations.

The district court considered Edwards' complaint and determined that her claims failed for two reasons:  (1) none of the parties named in the complaint were government actors subject to liability for deprivation of civil rights; and (2) Stage Stores, a private employer bound by law to withhold and pay social security to the Internal Revenue Service, did not need Edwards' permission to require her to submit to withholding.  Thus concluding that Edwards' claims lacked merit, the district court dismissed.

On appeal, Edwards reiterates her assertions of numerous civil rights

violations.  Because Edwards is proceeding pro se, we construe her complaint liberally.  See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  If we can reasonably read the complaint "to state a valid claim on which the plaintiff could prevail, [we] should do so despite the plaintiff's failure to cite proper legal authority, [her] confusion of various legal theories . . . or [her] unfamiliarity with pleading requirements."  Id.  However, it is not our role to act as an advocate for a pro se litigant.  Id.  We review the district court's dismissal de novo, accepting all well-pleaded factual allegations in the complaint as true and viewing them in the light most favorable to Edwards.  Dubbs v. Head Start, Inc., 336 F.3d 1194, 1201 (10th Cir. 2003).

Edwards claims that participation in social security is voluntary, and therefore that employers cannot require their employees to submit to social security withholdings.  Even construing Edwards' complaint liberally, her concerns with identity theft do not sound as civil rights violations.  First, as the district court made clear, only state actors may be charged with depriving Edwards of her civil rights.  See, e.g., Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982); Carey v. Continental Airlines, Inc., 823 F.2d 1402, 1404 (10th Cir. 1987).  Edwards does not dispute that none of the defendants named in her initial complaint are government actors.  Thus, Edwards' civil rights claims must fail.

Moreover, Stage Stores is not only authorized, but also legally bound to withhold and pay federal income taxes to the Internal Revenue Service. See United States v. Lee, 455 U.S. 252, 261 (1982) (upholding the constitutionality and uniform application of the Social Security Act, which requires employers to withhold social security taxes from employees' wages, even when such withholding conflicts with an employer's or employee's religious or other beliefs); Payne v. Dixie Elec. Co., 330 S.E.2d 749, 750 (Ga. App. 1985) ("an employer is not only authorized but required to withhold federal income taxes from his employees' pay"); Wilhelm v. United States, 84-1 USTC 1700, *3 (E.D. Tex. 1983) (same). Thus, Stage Stores' compliance with its legal obligation to withhold taxes from its employees is not a violation of Edwards' civil rights.

Because Edwards has failed to state a claim upon which relief can be granted, we **AFFIRM.**

Entered for the Court

Carlos F. Lucero
Circuit Judge

-4-